ALSEA VALLEY ALLIANCE; Building Industry Association of Washington; Coalition for Idaho Water; Idaho Water Users Association; Idaho Farm Bureau Federation; Washington Farm Bureau; Washington Association of Realtors; Central Coast Forest Association; California State Grange; Oregon State Grange; Greenhorn Grange; Jackson County Pomona Grange; Pioneer Irrigation District; Senator Skip Brandt, Plaintiffs–Appellants,

v.

Conrad LAUTENBACHER, NOAA Administrator; D. Robert Lohn, NMFS Regional Director, Northwest Region; Carlos Gutierrez, Secretary, U.S. Department of Commerce; National Marine Fisheries Services; William T. Hogarth, NMFS Director, Defendants–Appellees,

Trout Unlimited; Pacific Coast Federation of Fishermen's Associations; Institute for Fisheries Resources; American Rivers; Oregon Natural Resources Council; Klamath Forest Alliance; Northcoast Environmental Center; Headwaters; Pacific Rivers Council; Sierra Club, Defendant–intervenors–Appellees,

v.

Jack Marincovich; James Norman Wells; Irene Martin; Brian Tarabochia; Steve Fick, Plaintiff–intervenors.

No. 07–35824.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed March 16, 2009.

Ross Day, Esquire, Tigard, OR, Damien Michael Schiff, Pacific Legal Foundation, Sacramento, CA, for Plaintiff–Appellant.

Ellen J. Durkee, Lisa L. Russell, Esquire, David C. Shilton, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Jan Hasselman, Earthjustice Legal Defense Fund, Seattle, WA, Stephanie M. Parent, Stephanie M. Parent, Attorney at Law, Portland, OR, for Defendant–Intervenor–Appellee.

Thomas V. Dulcich, Esquire, Schwabe, Williamson & Wyatt, Portland, OR, for Plaintiff–Intervenor.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM*

Alsea Valley Alliance ("Alsea") appeals the district court's grant of summary judgment to the government in Alsea's challenge to the listing of sixteen distinct population segments ("DPSs") of West Coast salmon as well as to the modified § 4(d) "take" regulations. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

Alsea alleges that the National Marine Fisheries Service ("NMFS") violated the Endangered Species Act by "(1) distinguishing between hatchery stocks and 'natural' salmon populations in its listing process, (2) promulgating a protective [§ 4(d)] regulation that distinguishes between hatchery stocks and natural populations, and (3) including salmon populations that do not interbreed in listed population segments."

For the reasons discussed in our opinion in *Trout Unlimited v. Lohn*, Nos. 07–35623, 07–35750, filed concurrently with this disposition, the district court's rulings as to claims (1) and (2) are affirmed.

As to the third claim, Alsea contends that the listed DPSs are overbroad because they include fish that do not interbreed "with regularity." This claim is based on the Endangered Species Act's definition of "species"—a definition which includes "any subspecies of fish ..., and any distinct population segment of any species of vertebrate fish ... *which interbreeds when mature.*" 16 U.S.C. § 1532(16) (emphasis added). Alsea reads this definition to require members of a DPS to interbreed with reasonable regularity. NMFS's interpretation of the statute, on the other hand, does not require regular interbreeding.

Notably, nothing in the text of 16 U.S.C. § 1532(16) specifies the frequency at which interbreeding must occur and the phrase "interbreeds when mature" is plausibly subject to the interpretations put forth by Alsea and NMFS. We are satisfied that the agency's interpretation, which focuses on "reproductive isolation" rather than regular interbreeding, is "a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Absent any language in § 1532(16) requiring a particular level of interbreeding, we conclude that NMFS, relying on the best available science, acted reasonably in applying a construction call-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ing for a low, rather than a high, rate of interbreeding.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.